AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
Aug 19, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America
v.
Kawal Preet SINGH

*Defendant(s)*

Case No. 1:26-mj-00100-EPG

## CRIMINAL COMPLAINT BY RELIABLE ELECTRONIC OR TELEPHONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 18, 2026 in the county of Fresno in the Eastern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC 841(a)(1),(b)(1)(A) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine<br><br>10 years to life in prison, $10M fine, 5 to life of supervised release, $100 special assessment |

This criminal complaint is based on these facts:

See affidavit of HSI SA Jarrod Markarian, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Jarrod Markarian, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone

Date: Aug 19, 2026

[signature]
*Judge's signature*

City and state: Fresno, California

Hon. Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
United States Attorney
ROBERT VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KAWAL SINGH<br>Defendants. | CASE NO.<br>AFFIDAVIT OF HSI SA JARROD MARKARIAN |

I, Jarrod Markarian, being duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security ("DHS")/Immigration and Customs Enforcement/ Homeland Security Investigations ("HSI"), presently assigned to the Office of the Assistant Special Agent in Charge, Fresno, California ("HSI Fresno"). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). I have been employed as an HSI Special Agent ("SA") since September of 2025 and currently assigned to the Central Valley (CV) Homeland Security Task Force (HSTF) which is comprised of Special Agent (SAs) and Task Force Officers (TFO) from Homeland Security

Investigations (HSI), the Federal Bureau of Investigation (FBI), the United States Marshals Service (USMS), and the Internal Revenue Service Criminal Investigation (IRS-CI). The investigations include, but not limited to, the following: drug smuggling, human trafficking/smuggling, and gang investigations with a transnational nexus.

2. I have received training in the area of federal narcotic offenses and am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator and Homeland Security Investigations Special Agent Training Program. Prior to my tenure as a Special Agent, I received my degree of Bachelor of Science in Business administration, from California State University Fresno. I have had prior experience in Law Enforcement as a sworn Police Officer from the Clovis Police Department from November 2020 to September 2025. I completed the Fresno City College Police Academy in August of 2020, including specific training in violent crimes, property crimes, interviewing, and report writing. I have written Ramey Warrants, Cell Phone Search Warrants, and Residential Search Warrants. I have interviewed victims, suspects, and witnesses in countless investigations for homicides, domestic violence, thefts, stolen vehicles, stabbings, and shootings. I also conducted investigations including gangs, narcotics sales, firearms, violent crimes, and others. My law enforcement experience includes conducting and or assisting in physical surveillance, interviewing witnesses, victims and suspects, and executing search warrants, analyzing phone records obtained from subpoenas, search warrants, and collecting and processing evidence. Through my training and experience as a law enforcement officer, I have become familiar with the gang subculture and drug subculture including knowledge of controlled substance and firearms violations.

3. This affidavit is made in support of a criminal complaint for KAWAL **SINGH** for violating the following:

- Title 21, United States Code, Section 841(a)(1), (b)(1)(A), possession of more than 500 grams of methamphetamine for sale.

3. The facts in the affidavit come from personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

## II. PROBABLE CAUSE

### Investigation Background

4. Beginning in February 2025, the Federal Bureau of Investigation, Fresno Resident Agency (FBI Fresno), initiated an investigation into Indian Organized Crime operating in the Central Valley of California. FBI Fresno received intelligence indicating that individuals associated with Indian Organized Crime were involved in various criminal activities throughout California's Central Valley, including, but not limited to, large-scale drug trafficking connected to Mexican cartels, extortion, human trafficking, and cargo theft. In or about May 2026, Special Agents with FBI Fresno received information regarding a narcotics trafficker operating in the Fresno, California area who was allegedly involved in the sale and distribution of kilogram quantities of controlled substances. The information identified the narcotics trafficker by the name "Camy" and described him as a Sikh Indian male involved in long-haul truck driving, who worked with a network of other Sikh Indian truck drivers to transport narcotics. Investigators developed evidence that the network of Sikh Indian truck drivers transported hundreds of kilograms of cocaine from Mexico into the United States on behalf of an unspecified Mexican cartel. In some instances, the narcotics were reportedly transported through the United States and into Canada. This investigation, which now involves multiple agencies assigned to the Central Valley Homeland Security Task Force (CV-HSTF), has identified Kawal Singh (**SINGH**) as a subject of the investigation. Based on the facts set forth in this affidavit, there is probable cause to believe that SINGH has violated Title 21, United States Code, Sections 841.

### INVESTIGATION

5. On August 13, 2026, the Honorable Erica P. Grosjean, Magistrate Judge, in and for the Eastern District of California authorized the search of SINGH's person and several associated addresses, including LOCATION 1 (a business) and LOCATION 2 (a residence).

6. On August 18, 2026, Special Agents (SAs) conducted physical surveillance on LOCATIONS 1 and 2. SAs observed **SINGH** enter the driver's seat of a Hyundai Sonata and drive away from TARGET LOCATION 2. Agents positively identified **SINGH** as the sole occupant/driver of the 2013 Hyundai Sonata (hereinafter referred to as the HYUNDAI) bearing California License plate 9SBT052. Agents have also observed **SINGH** previously operating the HYUNDAI on numerous occasions.

7. Agents constantly observed **SINGH** drive the HYUNDAI to LOCATION 1 from LOCATION 2. **SINGH** arrived at LOCATION 1, parked the HYUNDAI and exited the HYUNDAI. SINGH unlocked the entrance doors of LOCATION 1 and was approached by agents.

8. During the execution of the search warrant at LOCATION 1, Agents seized a blue Apple iPhone that was located in SINGH's hand. Agents asked if the blue Apple iPhone belonged to SINGH and SINGH responded that it was his telephone. Contemporaneously, the investigative team executed the federal search warrants at approximately 11:00 AM at LOCATION 1 and LOCATION 2.

9. The investigative team then conducted an interview of **SINGH** inside LOCATION 1. Agents read **SINGH** the Miranda Rights in the English language from their agency issued card. Agents also asked SINGH if he understood his Miranda rights in the Punjabi language. **SINGH** responded that he understood his rights. **SINGH** provided , and the address of LOCATION 2 as his current residence as well as his telephone number. **SINGH** provided the passcode to the telephone that was located on his person. Pursuant to the authorized search warrant, Agents manipulated TT1 in the presence of SINGH and Agents observed the following photograph:




10. **SINGH** said that he has not sold methamphetamine for approximately two months, but that he was storing methamphetamine for a friend because of friendship.

11. Agents searched LOCATION 2, **SINGH**'s residence, and located 13.8 kilograms of suspected methamphetamine. Agents took photos of some located methamphetamine, including the following:



12. Agents showed the above photograph to SINGH that was subsequently located and taken during the execution of the search warrant at LOCATION 2. **SINGH** advised that the photograph was

taken at his residence, LOCATION 2, and advised there were like fifteen more bags like that in his residence.

13. It should be noted that the photograph that was located on **SINGH**'s phone (below on the left) in comparison to the photograph (pictured below on the right) which was taken during the execution of the search warrant at LOCATION 1, have similarities in the background of both photographs. Furthermore, I believe the photograph (on the left), was taken at LOCATION 1, based on similar grey tiles, the green crates, and the grey structured post in both photographs below. Therefore, I conclude that the photograph (on the left) of the white crystalline substance was previously located at LOCATION 1**.**






14. LOCATION 1 is a business, Round Table Pizza, owned and operated by **SINGH**. SAs observed **SINGH** open the front business door with keys and was the only occupant inside LOCATION 1. SAs subsequently searched the premises, located and seized two handguns concealed inside the business, one of which was serialized and the other was unserialized:



15. Inside the HYUNDAI, parked in the parking lot of LOCATION 1, the investigative team also located 5 clear plastic bags containing a white crystalline substance, approximately 4.9 kilograms, that was subsequently tested and returned positive for the characteristics of methamphetamine pursuant to a presumptive test. See photographs below:



16. At LOCATION 2 the investigative team located approximately sixteen (16) clear plastic bags containing a white crystalline substance which was also tested and returned positive characteristics

of methamphetamine pursuant to a presumptive test, totaling approximately 13.8 kilograms in weight. See photographs below:





17. Agents also located and seized, a digital scale, Accu-Tek semi-automatic Handgun and $11,800 bulk US currency in different denominations. Located in both of the bedrooms of LOCATION 2 was indicia belonging to **SINGH**. The white crystalline substance was packaged in the same clear zip-loc style bags at both LOCATIONS 1 and 2.

18. Based on my training and experience, I recognize the above-described circumstances as consistent with the distribution of bulk narcotics. Narcotics traffickers commonly obtain controlled substances in larger quantities and then separate them into smaller quantities for resale based on purchaser demand. Based on my training and experience, the amount of methamphetamine recovered is greater than what is typically associated with personal use and is consistent with possession for distribution.

19. The bulk U.S. currency and handgun were concealed within clothing inside a closet located in close proximity to three Ziploc style bags of methamphetamine. Based on my training and experience, narcotics traffickers commonly possess firearms to protect themselves, their controlled substances, and proceeds from narcotics transactions. I also know that narcotics traffickers commonly maintain U.S. currency in various denominations because narcotics transactions are frequently conducted in cash.

20. On the basis of the aforementioned facts and circumstances described in this Affidavit, it

is my belief that there is probable cause to believe that **SINGH** is a narcotics trafficker and violated Title 21, United States Code Section 841(a)(1), (b)(1)(A), possession of a more than 500 grams of methamphetamine for sale.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

______________________________
Jarrod Markarian, Special Agent
Homeland Security Investigations, HSI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone on __19____day of August 2026.

______________________________
The Honorable Erica P. Grosjean
United States Magistrate Judge

Reviewed as to form:

/s/ Robert L. Veneman-Hughes__________
ROBERT VENEMAN-HUGHES
Assistant United States Attorney