# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAWAL SINGH, *also known as* Kawal Preet Singh,<br><br>Defendant. | Case No. 1:26-cr-00153-JLT-SAB-1<br><br>ORDER DENYING MOTION FOR COURT FINDING OF EXCLUDABLE TIME PURSUANT TO 18 U.S.C. § 3161 (h)(7)(A) and (h)(7)(B)(iv)<br><br>(ECF No. 19) |

Pending before the Court is a motion filed by Defendant Kawal Singh ("Defendant") seeking a court finding of excludable time pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv). Upon consideration of the motion, and precedent, the Court will deny the motion.

This case commenced through a criminal complaint filed on August 19, 2026. (ECF No. 1.) On September 3, 2026, Defendant was indicted on two charges of distribution of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A); two charges of possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(a); one charge of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c); and a forfeiture allegation, 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(a), 28 U.S.C. § 2461(c). (ECF No. 12.) On that same date, the Court held an arraignment and plea hearing where Defendant pleaded not guilty and entered a denial of forfeiture. (ECF No. 13.) The Court set a status hearing for November 4, 2026, and ordered Defendant to be present. (Id.)

On November 3, 2026, the Government filed a stipulation seeking to continue the status

conference. (ECF No. 17.) As part of the stipulation, the parties informed the Court that Defendant is in immigration custody pending removal proceedings. (Id.) At that time, the Government asked that "the time period of November 4, 2026 to December 16, 2026, inclusive, [be] deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial." (Id.) The Court granted the continuance but did "not find good cause for exclusion of time under the Speedy Trial Act as this request was submitted at 4:00 pm the day before the hearing, which is inexcusable, and that the inability of the defendant to not appear at the November 4 criminal hearing is a direct result of the government denying him access to this Court." (ECF No. 18.) Thus, "the Court [found] no good reason to exclude the defendant's right to a Speedy Trial." (Id.) That stipulation centered around the inability of the government to produce the defendant for his criminal hearing because he was in immigration proceedings. Future inability to produce the defendant for his criminal hearing may be met with an order to show cause why the case should not be dismissed.

On November 6, 2026, Defendant moved for a court finding of excludable time, which is presently before the Court. (ECF No. 19.) The Court has reviewed the motion, and declaration contained therein, and nonetheless continues to find that there is no good cause for exclusion of time pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv). To begin with, the Court has already addressed Defendant's points about needing additional time by continuing the status conference. (ECF No. 18.) Moreover, the Court notes that the Speedy Trial Act creates timing limits to bring cases in a speedy and just manner. It is both a defendant's and the public's right. After consideration of Defendant's reasons offered in the motion, the Court's previous findings remain unaltered. As noted, the right to a speedy trial rests with both the defendant and the public. 18 U.S.C. § 3161(h)(7)(A). Here, Defendant is not prejudiced by no exclusion of time as it is his right to proceed to trial. Denial does not prejudice this right as he has been given the time prepare for his trial without any adverse consequences. It is at a certain point where the public's right to a speedy trial plays into the Court's consideration. That time is not yet, but will

be coming soon.

However, if the parties wish to have excludable time before the next hearing, then they can set a hearing at a time convenient to the Court, the parties and the United States Marshal with Defendant present. The Court has available time on Wednesday, November 18, 2026 at 1:00 pm (with at least 48 hours notice [the Court usually requires a one week notice before it will considers moving a matter]). For now, the Court's previous order stands.

Defendant's motion seeking a court finding of excludable time is therefore DENIED.

IT IS SO ORDERED.

Dated: **November 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge